UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA GRABINSKI, | ) |
|     Plaintiff, | ) Case No.: 1:22-cv-00828 |
| v. | ) |
| NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, and CAPITAL BRANDS DISTRIBUTION, LLC, | ) |
|     Defendants. | ) |

## NOTICE OF REMOVAL

Comes now Counsel, Scott B. Cockrum of Lewis Brisbois Bisgaard & Smith LLP, on behalf of Defendants, NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, and CAPITAL BRANDS DISTRIBUTION, LLC ("Defendants"), and hereby files this Notice of Removal pursuant to 28 U.S.C. § 1446, and invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). In support of said removal, Defendants state as follows:

1. On December 23, 2021, Plaintiff, Patricia Grabinski ("Plaintiff"), filed her Complaint for Damages against Defendants in the Marion County Superior Court, Marion County, Indiana, in a matter styled *Patricia Grabinski v. Nutribullet, LLC, Capital Brands, LLC, and Capital Brands Distribution, LLC*, under cause number 49D11-2112-CT-042480 (the "State Court Action"). (*See* Exhibit A, Plaintiff's Complaint for Damages).

2. Plaintiff's Complaint alleges that she sustained personal injuries on April 5, 2020 while using a product designed, manufactured, or sold by the Defendants. (*See* Ex. A.). Plaintiff's cause of action described in her Complaint sounds in products liability and negligence. (*See.* Ex. A).

3. On March 29, 2022, Defendant Capital Brands, LLC inadvertently received a copy of the Alias Summons and Complaint that had been mailed to a different location. However,

Defendants did not want to raise an issue of service, and all three defendants having become aware of the suit on or about March 29, 2022, have agreed to waive service and appear in the litigation.

4. 28 U.S.C. § 1446(b), provides that a notice of removal shall be filed within thirty (30) days after Defendant receives a copy of Plaintiff's initial pleading. As stated above, Plaintiff commenced with this lawsuit when she filed her Complaint on December 23, 2021. Subsequently, on March 29, 2022, one Defendant received a copy of Plaintiff's Complaint. As such, Defendant's Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as the time by which removal must be effectuated is April 28, 2022, and this Notice of Removal has been filed on that date.

5. The District Court has subject matter jurisdiction over this lawsuit pursuant to pursuant to 28 U.S.C. § 1332, because both parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000. Moreover, because this cause of action meets the statutory criteria, the District Court is permitted to remove this case pursuant to 28 U.S.C. § 1441.

6. Plaintiff, Patricia Grabinski, is now and was at all relevant times, a citizen of the State of Indiana. (*See* Ex. A., ¶1).

7. Under 28 U.S.C. § 1332(c), a corporation is deemed a "citizen" in the state in which it was incorporated and the state in which its principal place of business is located. Defendants, Nutribullet, LLC, Capital Brands, LLC, and Capital Brands Distribution, LLC's, place of incorporation was, and is, the State of California, and their principal place of business is Los Angeles, California.

8. Further, for diversity jurisdiction purposes, the citizenship of a limited liability corporation is the citizenship of each of its members. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (holding that an LLC's jurisdictional statement must identify the

citizenship of each of its members, and if those members have members, the citizenship of those members.).

9. Nutribullet, LLC has one member, Capital Brands, LLC. Capital Brands, LLC is also a defendant, and is incorporated in California with a principal place of business in California. Capital Brands, LLC has one member, Capital Brands Holding, Inc. Capital Brands Holding, Inc. is incorporated in the State of Delaware with a principal place of business in California. Capital Brands Distribution, LLC, has one member, Capital Brands Holding, Inc. Capital Brands Holding, Inc. is incorporated in Delaware with a principal place of business in California.

10. If a party is a limited liability company, it may be considered a citizen of the states of residence of its members. As a result, Nutribullet, LLC would be considered a citizen of the State of California. Capital Brands, LLC and Capital Brands Distribution, LLC would be citizens of the states of Delaware and California. As such, pursuant to 28 U.S.C. § 1332(c), Defendants are now and were at all relevant times, citizens of the State of California and/or the State of Delaware. Therefore, there is complete diversity among the parties in this cause of action.

11. Plaintiff, as a result of Defendants' alleged negligent design, manufacture, or sale of the product in question, claims that she sustained serious, traumatic, and permanent burns and personal injuries that have resulted in pain and suffering. (*See* Ex. A. ¶10). Therefore, the amount in controversy exceeds the sum or value of $75,000. *See Copak v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 15801 (N.D. Ind. 2013) (holding that where the amount in controversy is plausible based on the pleadings and the evidence, removal is proper).

12. As a result of the foregoing, diversity of citizenship and the jurisdictional minimum amount have been satisfied. Therefore, pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter.

13. Defendant, pursuant to 28 U.S.C. § 1446(d), has filed written notice of this Notice of Removal with the Clerk of the Marion County Superior Court, Indiana, concurrently with the filing of this Notice, and has served the same on Plaintiff.

14. Defendant, pursuant to 28 U.S.C. § 1446 (a), and S.D. Ind. L.R. 81-2, has attached to this Notice of Removal a copy of all pleadings, papers, and other order served upon them in the State Court Action to date. (*See* Exhibit B, Indiana State Court Action Record).

15. Because Defendant has adequately set forth the requirements of 28 U.S.C. § 1332, § 1441, and § 1446, this Court may exercise its original jurisdiction and remove the State Court Action to the United States District Court of the Southern District of Indiana, Indianapolis Division.

16. In the event Plaintiff moves for remand, or this Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit supplemental authority, evidence, and argument in support removal, as may be appropriate.

Wherefore, Defendants Nutribullet, LLC, Capital Brands, LLC, and Capital Brands Distribution, LLC, hereby removes this action from the Marion County Superior Court, State of Indiana, and prays that this action proceeds in the United States District Court of the Southern District of Indiana, Indianapolis Division.

                        Respectfully submitted,

Dated: April 28, 2022                   LEWIS BRISBOIS BISGAARD & SMITH LLP

                        By:  /s/ Scott B. Cockrum
                              Scott B. Cockrum (20840-45)
                              2211 Main Street, Suite 3-2A
                              Highland, Indiana 46322
                              D: 219.440.0602
                              T: 219.440.0600/F: 219.440.0601
                              E-mail: Scott.Cockrum@lewisbrisbois.com
                              *Attorney for Defendants Nutribullet, LLC, Capital Brands, LLC, and Capital Brands Distribution, LLC*